IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK07-80007 |
| | ) | |
| POLLY S. NELSON, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on April 16, 2007, on confirmation of Debtor's Chapter 13 plan (Fil. #4), and an objection to confirmation filed by Kellogg Company Employees Federal Credit Union (Fil. #11).[1] David Hepperlen appeared for Debtor, and Pat Campagna appeared for Kellogg Company Employees Federal Credit Union ("Kellogg").

Kellogg is the holder of an unsecured claim in this proceeding in the amount of $9,233.05. Debtor's plan indicates a base amount of $16,668.00 to be paid over the life of the plan. However, a payment of $463.00 over 60 months would result in a base amount of $27,780.00. Therefore, for purposes of this Order, the base amount of the plan is presumed to be $27,780.00. Secured claims are being paid outside of the plan, and there are no priority claims to be paid through the plan. Therefore, other than administrative claims (Trustee's fees and Debtor's attorneys' fees and costs), the plan payments will ultimately go to unsecured creditors.

Kellogg has objected to the plan as not being proposed in good faith. Specifically, Kellogg argues that: (a) Debtor has income in the amount of $1,220.00 from Social Security and $1,136.00 from a pension each month, and could afford a greater plan payment; (b) Debtor owns a rental property which is worth less than the debt against it and, therefore, should be surrendered to avoid the financial burden; (c) Debtor has almost $15,000.00 of equity in her personal residence above its value and Debtor's homestead exemption; and (d) Kellogg believes certain expenses of Debtor are unnecessary and/or excessive.

Among other requirements for confirmation of a Chapter 13 plan, the Bankruptcy Code at 11 U.S.C. § 1325(a)(3) provides that the plan must be proposed in good faith and not by any means forbidden by law. The Bankruptcy Code does not define the phrase "good faith." The Eighth Circuit Court of Appeals has described the good faith inquiry as focusing on "whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code." *Educ. Assistance Corp. v. Zellner*, 827 F.2d 1222, 1227 (8th Cir. 1987). In *Zellner,* the Eighth Circuit determined that the "ability to pay" criteria were subsumed in 11 U.S.C. § 1325(b). *Id.* Subsequently, the Eighth Circuit determined that *Zellner* also preserved a traditional "totality of circumstances" approach in determining whether a plan is proposed in good faith and factors should

---

[1]The Chapter 13 Trustee also filed an objection to confirmation (Fil. #18), but that objection was settled.

be considered such as the type of debt sought to be discharged, whether the debt is nondischargeable in Chapter 7, and the debtor's motivation and sincerity in seeking Chapter 13 relief. *Handeen v. LeMaire (In re LeMaire)*, 898 F.2d 1346, 1349 (8th Cir. 1990). Except for the objection to certain expenses, none of Kellogg's objections pertain to the factors to be considered for good faith purposes. Instead, its objections seem to relate more to ability-to-pay factors which, according to the Eighth Circuit, are subsumed in § 1325(b), and not in the good faith standard.

As far as ability to pay is concerned, this is not a case where a detailed analysis of Debtor's "projected disposable income" is necessary under 11 U.S.C. § 1325(b) as it exists today following the bankruptcy amendments of 2005. Kellogg does not dispute that under the Chapter 13 means test, this Debtor is a "below median" debtor with no projected disposable income under the means test. For that reason, Kellogg focused on the good faith standard of 11 U.S.C. § 1325(a)(3). However, the record is clear that Debtor is actually paying more into the plan ($463.00 per month) than her monthly net income ($449.87), determined by subtracting her monthly average expenses of $2,481.13 on Schedule J from her monthly income on Schedule I of $2,931.00. Further, the only evidence available to the Court (Debtor's schedules) reveals that even though the rental property is worth less than the debt against it, the rental property does produce net income of approximately $142.00 per month. Thus, at least at the present time, the rental property helps fund the Chapter 13 plan. Further, Debtor's monthly expenses for cable, food, transportation, and recreation did not appear to this Court to be unnecessary or excessive and Kellogg presented no contrary evidence as to what those figures should be.

Finally, it appears that through the Chapter 13 plan payment, Debtor will be paying into the Chapter 13 plan an amount well in excess of Debtor's nonexempt equity in Debtor's home. Accordingly, this Court finds that Debtor did propose her plan in good faith and that the objection of Kellogg should be overruled.

IT IS ORDERED: That the objection to confirmation of plan filed by Kellogg Company Employees Federal Credit Union (Fil. #11) is overruled, and Debtor's Chapter 13 plan (Fil. #4) may be confirmed upon submission of a stipulated confirmation order (to be submitted as a result of Debtor's settlement of the objection by the Chapter 13 Trustee).

DATED: April 18, 2007.

BY THE COURT:

/s/ Thomas L. Saladino
United States Bankruptcy Judge

Notice given by the Court to:
    *Francis X. Skrupa/David Hepperlen
    Donald A. Roberts/Pat Campagna
    Kathleen Laughlin
    U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.